Filed 2/3/22  P. v. Hutton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092488 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F02093) |
| v. | |
| DALE LEROY HUTTON, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant Dale Leroy Hutton's Penal Code section 1170.95 petition for resentencing.[1]  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant subsequently filed a supplemental brief also

---

[1]     Further undesignated statutory references are to the Penal Code.

1

seeking our review of his case but not arguing any specific issues with the judgment. After reviewing the entire record, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and the victim were using drugs together when defendant stabbed the victim to death and took his money and drugs. On April 18, 1995, a jury found defendant guilty of second degree murder (§ 187, subd. (a)) and first degree robbery (§ 211). The jury also found true the allegation that defendant personally used a knife (§ 12022, subd. (b)). Defendant was acquitted of first degree murder with a robbery-murder special circumstance. He was sentenced to 15 years to life in prison for the murder plus a consecutive six years for the robbery and one year for the enhancement.

In March 2019, defendant filed his petition for resentencing pursuant to recently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.). In February 2020, after receiving briefing from the parties, the trial court denied the petition. The court reasoned that defendant was the actual killer and the jury was not instructed on any theory of accomplice liability or second-degree felony murder. The court further observed that defendant was convicted of second degree murder and the jury also found the allegation that he personally used a deadly weapon true. The court concluded he was thus convicted based solely on a theory of express or implied malice aforethought and was ineligible for relief under section 1170.95.

Defendant timely appealed.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition pursuant to section 1170.95 remains an open question. Our Supreme Court has

not spoken. However, we are persuaded by the opinion of the Second District Court of Appeal, in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, that the *Wende/Anders* procedures do not apply. (But see *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274 [agreeing with *People v. Cole* but conducting an independent review of the record in the interests of justice].)

Defendant timely filed a supplemental brief. He argues that because the jury acquitted him of first degree murder with robbery-murder special circumstance, the changes to section 188 make it impossible for his conviction of second degree murder to stand. He cites no authority and nothing in the record on appeal to support his position. Instead, he contends that there are materials outside the record on appeal, which he has been unable to obtain, that support his view.

We need not address the split in authority as to under what circumstances the protections afforded by *Wende* apply to this appeal. Given that defendant has filed a supplemental brief, we exercise our discretion to review the case for error. (See *People v. Figueras* (2021) 61 Cal.App.5th 108, 113 [suggesting that even assuming no right to *Wende* protections, dismissal of appeal as abandoned not appropriate where defendant has filed a supplemental brief], review granted May 12, 2021, S267870; *People v. Flores, supra*, 54 Cal.App.5th at p. 274 [although *Wende* review is not legally compelled on appeal from an order denying a section 1170.95 petition, an appellate court "can and should" independently review the record on appeal].)

Having examined the record for error, we find no arguable error that would result in a disposition more favorable to defendant. The arguments raised in defendant's supplemental brief lack merit or do not raise issues properly before us. The record of conviction here establishes defendant was the actual killer as he personally used a knife to stab the victim to death. As the actual killer, defendant's second degree murder conviction is still valid after Senate Bill No. 1437, and he is therefore ineligible for relief under section 1170.95. The trial court properly denied defendant's petition.

3

## DISPOSITION

The judgment (order) is affirmed.

                                                \s\
                                     BLEASE, Acting P. J.

We concur:

\s\
DUARTE, J.

\s\
KRAUSE, J.